UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: SUITECENTRIC LLC, | CASE NO. 2:26-cv-00111-LK |
| Appellant/Debtor | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |

This matter comes before the Court on pro se Appellant Paul Seibert's application to proceed *in forma pauperis* ("IFP"). Dkt. No. 11. Seibert is appealing "the oral ruling/order of the Bankruptcy Court (Dore, J.) entered on [January 9, 2026] Re: Motion for Stay & Related Plan Fees." Dkt. No. 1-1 at 1 (capitalization altered). The underlying matter involves a Chapter 11 bankruptcy petition. *See* Dkt. No. 1 at 1.

A notice of an appeal from U.S. Bankruptcy Court must be "accompanied by the prescribed filing fee." Fed. R. Bankr. P. 8003(a)(3). The fee to file an appeal is $298. *See* Bankruptcy Court Miscellaneous Fee Schedule, https://www.uscourts.gov/court-programs/fees/bankruptcy-court-miscellaneous-fee-schedule (last visited March 2, 2026) (setting forth a fee of $293 to file an appeal from a bankruptcy judgment, which is "collected in addition to the statutory fee of $5 that is collected under 28 U.S.C. § 1930(c) when a notice of appeal is filed").

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS - 1

Courts considering IFP applications in appeals of Chapter 11 bankruptcy matters have applied the general IFP statute, 28 U.S.C. § 1915(a)(1). *See, e.g.*, *Tucker v. Elliott*, No. 22-00339 JMS-KJM, 2022 WL 4081425, at *1 (D. Haw. Sept. 6, 2022). Pursuant to that statute, a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Although "one need not be absolutely destitute to obtain benefits of the in forma pauperis statute[,] . . . a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (citation modified); *see also Tucker*, 2022 WL 4081425, at *1.

Here, Seibert states in his IFP application that his monthly take home pay is $1,500, which matches the amount of the monthly living expenses he lists. Dkt. No. 11 at 1–2. He has almost no cash on hand or savings. *Id.* at 2. And although he has $102,698.63 "in cash held in [an] IOLTA escrow account by [his] former counsel," he states, under penalty of perjury, that the money is "currently inaccessible due to lien dispute/State Bar investigation[.]" *Id.* The IFP application thus demonstrates that Seibert cannot pay the filing fee and still afford the necessities of life.

Accordingly, the Court GRANTS Seibert's IFP application. Dkt. No. 11. The Clerk is directed to mail a copy of this Order to Seibert at his last known address.

Dated this 2nd day of March, 2026.

*Lauren King*
_____
Lauren King
United States District Judge

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS - 2